35 U.S. 378 (____)
10 Pet. 378
*THOMAS JACKSON ET AL., APPELLANTS,
v.
WILLIAM E. ASHTON.
Supreme Court of United States.

Mr. Key, and Mr. Peters, now applied to the court for liberty to amend the record, by stating the citizenship of the defendant, and to reinstate the cause on the docket.
Mr. Justice STORY delivered the opinion of the court.
A motion has been made to allow an amendment of the record of this case, by inserting an allegation of the citizenship of the parties; and to reinstate this cause on the docket under the following circumstances: The cause came before this court at the January term, 1834, and, as will be found in the eighth volume of Mr. Peters' Reports, pp. 148, 149, was then reversed for want of jurisdiction of the circuit court by reason of the omission to allege, that the parties were citizens of different states, the appeal to this court was dismissed; and the decree of this court was ordered to be certified to the circuit court.
We are of opinion, that under these circumstances the record cannot be amended, or the cause reinstated in this court. It would, in effect, be a reversal of the former decree of this court. We have no power over the decrees rendered by this court after the term *481] has *passed, and the cause has been dismissed, or otherwise finally disposed of here.
But in our opinion, there is no difficulty in making the proposed amendment in the circuit court, if that court shall see fit, in its discretion, to allow it to be done. The cause may then be reheard there; and upon the decree newly rendered, an appeal can then be taken to this court; or a decree may be there rendered by consent of the parties, in order to bring the cause without any delay to this court.
*379 This court, in rendering its former decree, had no authority (not having any jurisdiction, but to reverse for the want of jurisdiction of the circuit court) to send the cause back for further proceedings, with liberty to amend the bill. But the mandate was not understood by us to apply, except to the record in its then state; and we entertain no doubt, that notwithstanding any thing in the former decree of reversal, it is entirely competent for the circuit court, in their discretion, to allow the amendment now proposed to be made, and to reinstate the cause in that court. But we have no authority in the matter. The motion is, therefore, overruled.